Case 2:23-cv-00175   Document 61   Filed on 02/19/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
February 19, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| STEALTH ONSITE SOLUTIONS, LLC, | § § | |
| Plaintiff, | § § | |
| V. | § | CIVIL ACTION NO. 2:23-CV-00175 |
| E&E, LLC, | § § § | |
| Defendant. | § § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 58). The M&R recommends that the Court grant Defendant's motion to dismiss, (D.E. 51), and dismiss this case without prejudice. *Id.* at 1. Plaintiff filed written objections to the M&R. (D.E. 60).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff objects to the M&R's recommendation that the Court grant Defendant's motion to dismiss for insufficient service of process and dismiss the case without prejudice, (D.E. 60, p. 3), and asks the Court to modify the ruling because "the [M]agistrate [J]udge's recommendations are erroneous," *id.* at 6. Plaintiff does not point the Court to any flaws in the M&R's reasoning.[1]

---

[1] Despite this shortcoming of Plaintiff's objections, the Court considers the objections on the merits.

*See id.* at 3–6. Rather, Plaintiff largely reiterates arguments it posed prior to the M&R's issuance. *Compare id. with* (D.E. 56, p. 4–10).

## I. Dismissal for Untimely Service

Plaintiff objects to dismiss for untimely service, contending it "can meet the excusable neglect standard." (D.E. 60, p. 4–5). Plaintiff has not established excusable neglect, "as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 511 (5th Cir. 2013) (quoting *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985)). Plaintiff does not challenge the M&R's reasoning on the lack of excusable neglect, and after an independent review, the Court agrees with Magistrate Judge Neurock that Plaintiff's meager actions fall short of demonstrating excusable neglect, much less good cause, for failure to timely serve. (D.E. 58, p. 13).

Plaintiff asserts Defendant's only allegation of prejudice resulting from untimely service is that Defendant has missed the deadline to designate experts, but Plaintiff is amenable to a deadline extension. (D.E. 60, p. 4). Plaintiff then argues that a dismissal "would needlessly burden the parties with additional expense and delay and would postpone the adjudication of the controversy on its merits[,]" which goes against the spirit of Federal Rule of Civil Procedure 1. *Id.* at 4–5 (citing *CytoSport, Inc. v. Cytogenix Sports Laboratories, SBL*, 2010 WL 5418883 (E.D. Cal. 2010)). These arguments conflict. *See id.* Plaintiff states it would be amenable to extending deadlines to cure potential prejudice to Defendant but then argues against the delay that would result from dismissal. No matter which remedy the Court provides, adjudication of this matter on the merits must be delayed because Plaintiff did not timely serve Defendant. True, the delay resulting from dismissal might be longer than the delay of extending deadlines. But since Plaintiff has not established excusable neglect in failing to timely serve Defendant, dismissal is the proper

remedy. The Court **OVERRULES** this objection.

## II. Dismissal for Insufficient Service

Plaintiff objects to dismissal for insufficient service.[2] (D.E. 60, p. 5–6). Plaintiff concedes that "[D]efendant was not properly served[.]" *Id.* at 6. Still, Plaintiff raises two arguments against dismissal. *First*, Plaintiff argues that at least some of the delay in service is attributable to Defendant's conduct. *Id.* The conduct in question: (1) E&J's counsel indicated he would not accept service on behalf of E&E; and (2) E&E's authorized agent for service did not respond to Plaintiffs request that E&E waive service of process. (D.E. 56, p. 2). At most, this conduct created a delay in service of thirty-one days. *See id.* (indicating Plaintiff waited thirty-one days for a response to the requested waiver of service). But the summons as to E&E was not issued until September 13, 2024, a full 155 days after the First Amended Complaint, (D.E. 50), was docketed. So even assuming thirty-one of the 155 days was attributable to Defendant's conduct, Plaintiff still did not seek an issuance of summons as to Defendant E&E until 124 days after filing the First Amended Complaint. Thus, even taking Defendant's conduct into account, the Court concludes that service was untimely. *See* FED. R. CIV. P. 4(m) (requiring service "within 90 days after the complaint is filed").

*Second*, Plaintiff argues "it is reasonably conceivable that the defendant can be served within a short period of time[,] much shorter than requiring the plaintiff to start the entire case over again." *Id.* The Court addressed a similar argument above, *see supra* at 2, and responds the same here.

Plaintiff's attempted service was late before it began and insufficient when performed. Plaintiff's arguments against dismissal are unavailing. The Court **OVERRULES** this objection.

---

[2] Although Plaintiff styles its objection as relating to "insufficient service," Plaintiff's arguments more clearly relate to timeliness of service and the proper remedy for untimely service.

## III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 60), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 58). Accordingly, the Court:

(1) **GRANTS** Defendant's motion to dismiss, (D.E. 51); and

(2) **DISMISSES** this case without prejudice.

The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
February 19th, 2025